*BELMONT COUNTY—MARCH TERM, 1819.*

## WILLIS vs. PATTERSON.

To charge one with perjury in an oath administered in a matter wholly extrajudicial is not slanderous.

SLANDER—SPECIAL DEMURRER.

The declaration, after stating the good character of the plaintiff in the usual form, proceeded, " And whereas also, before the committing of the several grievances by the said Mathew, a certain controversy had arisen between the said Robert and one Nelson Heardin, which said controversy had been by them, the said Robert and Nelson, submitted to the award and final determination of A. M., J. L. and the said Mathew Patterson, arbitrators chosen and agreed upon by them the said Robert and Nelson, and had been, by the said arbitrators then lately, to wit, on the 27th day of December, A. D. 1817, at the township of Union in the county aforesaid, heard and determined; on which hearing and trial, the said Robert and Nelson had been duly sworn according to law by one J. B. Esq. a justice of the peace in said township, who was duly authorised to administer oaths in such cases, *to stand to, abide, observe, perform and keep the award, arbitration and determination, which A. M., J. L. and M. P. arbitrators as aforesaid should make, concerning the controversy of the said Robert and said Nelson.*" It then laid the words " you have sworn to a lie," " you have taken a false oath," " you are a perjured man," &c. &c. as having been spoken of and concerning the plaintiff, and of and concerning the oath so taken before the justice.

WRIGHT for the defendant, demurred to the declaration, and assigned these causes of demurrer, viz. 1st. That said words are alleged to have been spoken of an extra-judicial oath, wherein perjury would

not be committed; and 2d, that said words impute no crime. JENNINGS for the Plaintiff. ·

BELMONT.
March, 1819.

Willis
*v.*
Patterson.

PRESIDENT.—The question is, whether the words charged to have been spoken in this declaration, import any slander for which an action lies; and it is material to consider, that all the words charged to have been spoken are charged to have been spoken of and concerning a particular transaction, and must, therefore, be understood with reference to that transaction; that some of the words may be actionable in themselves, will not be sufficient,. they must here be actionable as applied or not at all. The charge made by the defendant against the plaintiff, is this—that he did not stand to, perform and keep an award, which he had sworn to stand to, perform and keep. In no point of view would this oath be considered as obligatory upon the party taking it: the justice of the peace had no authority whatever to administer it; such act was in him clearly unlawful, extra-judicial and void. It is not slander to charge one with swearing falsely, if it appear that the swearing spoken of was not done before a court of competent jurisdiction, and upon a subject which was important to the issue of any trial. To swear a man to abide by whatever award might be made by arbitrators, however corrupt, iniquitous, or unjust, such award might be, is attempting to impose an obligation which neither law or conscience makes binding; it is an absurd and nugatory, if not a criminal act. The case of Shaffer vs. Kintzer, 1 Binney 537, is similar to this; and in that it was adjudged to be no slander, to say of a man that he had sworn falsely, the colloquium being of an extra-judicial affidavit before a justice of the peace. The cases which support this doctrine are numerous; I refer only to 1st Johns. 505, 2d Johns. 10, and the cases there cited. If a judicial officer administers an oath in a case not warranted by law, he acts not as an officer but a mere private person; and to charge one with perjury, in relation to such oath, is charging him with a crime he could not commit; it would be the same as to charge a man with stealing a plantation, a matter not subject to larceny. *Demurrer sustained—Judgment for defendant for costs.*